**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| BELDEN CANADA ULC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. _____ |
| ) | |
| COMMSCOPE, LLC, COMMSCOPE, INC. ) | JURY TRIAL DEMANDED |
| OF NORTH CAROLINA, and COMMSCOPE ) | |
| TECHNOLOGIES LLC, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**COMPLAINT**

Plaintiff Belden Canada ULC ("Belden"), by and through its undersigned counsel, as and for its Complaint against Defendants CommScope, LLC, CommScope, Inc. of North Carolina, and CommScope Technologies LLC (collectively, "CommScope"), alleges as follows:

**NATURE OF ACTION**

1. This action for patent infringement, brought under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, seeks relief arising out of CommScope's infringement of U.S. Patent Nos. 12,313,896 (the "'896 Patent") and 12,332,491 (the "'491 Patent") (collectively, the "Patents-in-Suit").

2. Belden is the owner of the Patents-in-Suit.

3. Belden asserts infringement of the Patents-in-Suit against CommScope for its unauthorized making, using, offering to sell, selling, and/or importing various products, including, but not limited to, modular fiber connectivity products commercialized as the Propel™ system, which includes, but is not limited to, Propel™ high-density panels, such as those with product numbers PPL-1U, PPL-2U, and PPL-4U, and Propel™ fiber modules and adapters, such as those

with product numbers PPL-DM-8U-8LC-OM4-BEU, PPL-DM-8U-8LC-OM5-BEU, PPL-DM-8AU-8LC-SM-BEU, PPL-DM-8U-24LC-OM4-BEU, PPL-DM-8U-24LC-OM5-BEU, PPL-DM-8AU-24LC-SM-BEU, PPL-DM-8AU-8LC-OM4-BEU, PPL-DM-8AU-8LC-OM5-BEU, PPL-DM-12U-12LC-OM4-BEU, PPL-DM-12U-12LC-OM5-BEU, PPL-DM-12AU-12LC-SM-BEU, PPL-DM-12U-24LC-OM4-BEU, PPL-DM-12U-24LC-OM5-BEU, PPL-DM-12AU-24LC-SM-BEU, PPL-DM-16AU-16LC-SM-BEU, PPL-DM-16AU-16LC-OM4-BEU, PPL-DM-16AU-16LC-OM5-BEU, PPL-DM-24U-24LC-OM4-BEU, PPL-DM-24U-24LC-OM5-BEU, PPL-AP-8-LC-SM, PPL-AP-8-LC-OM4, PPL-AP-8-LC-OM5, PPL-AP-4-MPO-ALL-B, PPL-AP-12-LC-SM, PPL-AP-12-LC-OM4, PPL-AP-12-LC-OM5, PPL-AP-6-MPO-ALL-B, PPL-AP-16-LC-SM, PPL-AP-16-LC-OM4, PPL-AP-16-LC-OM5, PPL-AP-8-MPO16-ALL-B, PPL-AP-4-MPO16-ALL-B, PPL-AP-6-MPO16-ALL-B, PPL-AP-12-MPO16-ALL-B, PPL-AP-24-LC-SM, PPL-AP-24-LC-OM4, PPL-AP-24-LC-OM5, PPL-AP-12-MPO-ALL-B, PPL-DM-8AU-8SN-SM-BEU, PPL-DM-12AU-12SN-SM-BEU, PPL-DM-16AU-8SN-SM-BEU, PPL-AP-8-SN-SM, PPL-AP-12-SN-SM, PPL-AP-16-SN-SM, and PPL-AP-24-SN-SM (collectively, the "Accused Products").

## THE PARTIES

4.      Belden is an unlimited liability corporation organized and existing under the laws of the Province of Alberta, Canada, with its principal place of business at 2310 Alfred-Nobel, Saint-Laurent, Quebec, Canada.

5.      Upon information and belief, CommScope, LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1100 CommScope Place Southeast, Hickory, NC 28602. Upon information and belief, CommScope, LLC is a subsidiary of CommScope Holding Company, Inc.

6.      Upon information and belief, CommScope, Inc. of North Carolina is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of

business at 1100 CommScope Place Southeast, Hickory, NC 28602. Upon information and belief, CommScope, Inc. of North Carolina is a subsidiary of CommScope, LLC.

7. Upon information and belief, CommScope Technologies LLC is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 1100 CommScope Place Southeast Hickory, NC 28602. Upon information and belief, CommScope Technologies LLC is a subsidiary of CommScope, Inc. of North Carolina.

8. Upon information and belief, CommScope, Inc. of North Carolina is part of a large corporate family comprising numerous affiliated companies that act in concert to manufacture, market, and sell certain fiber connectivity products in this District. Publicly available information reveals that at least twenty CommScope companies are Delaware corporations or limited liability companies, including CommScope, Inc. of North Carolina's parent company, CommScope, LLC, its grandparent company, CommScope Holding Company, Inc., and its affiliate CommScope Technologies LLC.

9. Upon information and belief, CommScope, Inc. of North Carolina may be found to have a regular and established place of business in this District directly and/or through CommScope, LLC, CommScope Technologies LLC, and various Delaware affiliates.

10. At a minimum, CommScope, LLC and CommScope, Inc. of North Carolina share a principal place of business, 1100 CommScope Place, Southeast Hickory, NC 28602.

11. Upon information and belief, CommScope, Inc. of North Carolina and CommScope Technologies LLC have executive officers who are employed by both companies, and who are also executive officers of CommScope, LLC

12. Upon information and belief, CommScope, LLC, CommScope, Inc. of North Carolina, and CommScope Technologies LLC, together with their affiliated companies, are part

of and operate as a single enterprise, which as described above, is engaged in the manufacture, sale and/or offer for sale of the Accused Products around the world, including in this District. *See* https://www.commscope.com/propel/.

13. Upon information and belief, CommScope solicits and has solicited customers in this District. Upon information and belief, CommScope has customers who are residents of the State of Delaware and the District of Delaware and who each use and have used CommScope's products and services in the State of Delaware and in the District of Delaware.

14. Upon information and belief, CommScope, LLC and/or CommScope Technologies LLC have controlled, directed, and/or supervised CommScope, Inc. of North Carolina's manufacturing, sale, and/or offering for sale of the Accused Products. Upon information and belief, the nature and extent of the control exercised by CommScope, LLC and/or CommScope Technologies LLC is pervasive and continual, so much so that CommScope, Inc. of North Carolina may be considered nothing more than an agent or instrumentality of CommScope, LLC and/or CommScope Technologies LLC. Upon information and belief, the overlap in executive officers and the extent of the control exercised by CommScope, LLC and/or CommScope Technologies LLC over CommScope, Inc. of North Carolina reflects a purposeful disregard of CommScope, Inc. of North Carolina's independent corporate existence.

15. Upon information and belief, CommScope is a sophisticated corporate enterprise in the fiber connectivity industry that keeps appraised of patents relevant to its products and/or the products of its competitors, such as Belden (either alone or through the actions of its affiliated entities).

**JURISDICTION AND VENUE**

16. This Court has subject matter jurisdiction over the asserted claims pursuant to 28 U.S.C. §§ 1331 and 1338, and 35 U.S.C. § 281.

17. This Court has personal jurisdiction over CommScope, LLC because CommScope, LLC is a Delaware limited liability company, because CommScope, LLC has designated an agent in Delaware for service of process, and/or because CommScope, LLC has been conducting and/or is presently conducting business in the District of Delaware on a regular basis.

18. This Court has personal jurisdiction over CommScope Technologies LLC, because CommScope Technologies LLC is a Delaware limited liability company, because CommScope Technologies LLC has designated an agent in Delaware for service of process, and/or because CommScope Technologies LLC has been conducting and/or is presently conducting business in the District of Delaware on a regular basis.

19. Upon information and belief, this Court has personal jurisdiction over CommScope, Inc. of North Carolina, because CommScope, Inc. of North Carolina is present within or has minimum contacts within the State of Delaware and the District of Delaware; has purposefully availed itself of the privileges of conducting business in the State of Delaware and in the District of Delaware; has sought protection and benefit from the laws of the State of Delaware; regularly conducts business within the State of Delaware and within the District of Delaware; and Belden's cause of action arises directly from CommScope, Inc. of North Carolina's business contacts and other activities in the State of Delaware and in the District of Delaware.

20. In addition, this Court has personal jurisdiction over CommScope, LLC, CommScope Technologies LLC, and CommScope, Inc. of North Carolina because, upon information and belief, they have knowingly and actively engaged in acts that have infringed and will infringe the claims of the Patents-in-Suit in the District of Delaware.

21. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1400 as to CommScope, LLC, because it is organized in Delaware, and therefore resides in Delaware for the purposes of the statute.

22. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1400, as to CommScope Technologies LLC, because it is organized in Delaware, and therefore resides in Delaware for the purposes of the statute.

23. Upon information and belief, venue is proper in this District pursuant to 28 U.S.C. § 1400 as to CommScope, Inc. of North Carolina, because its alter-ego entities, CommScope, LLC and CommScope Technologies LLC, reside in Delaware, and/or it has committed acts of infringement and has a regular and established place of business in Delaware.

## FACTUAL ALLEGATIONS

### *Background*

24. Belden is a worldwide leader in the design, manufacture, and marketing of a comprehensive portfolio of networking, security and connectivity technologies and products across a variety of industrial, enterprise and professional broadcast markets. Belden invests a substantial amount of capital in product development and improvement to maintain its position as a leading producer of innovative technology products.

25. As a result of this investment, Belden and its corporate affiliates have hundreds of issued U.S. Patents and have an established track record of strictly enforcing its patents against competitors.

26. Belden marks and has marked its own products that practice one of more claims of the Patents-in-Suit in compliance with 35 U.S.C. § 287.

27. Upon information and belief, CommScope, now and/or in the past, makes, uses, imports, offers for sale, and/or sells the Accused Products in Delaware and elsewhere in the United States.

### *The '896 Patent*

28. On June 2, 2023, a patent application was filed on the invention of Vincent Pilon, U.S. Patent Application Serial No. 18/328,431 (the "'431 Application"), entitled "Tray Means For Providing A Plurality Of Different Modular Cassette Configurations In A Fiber Optic Management System."

29. On May 27, 2025, the '431 Application resulted in the United States Patent and Trademark Office duly and legally issuing the '896 Patent. The '896 Patent is assigned to Belden, and a copy of the '896 Patent is attached hereto as Exhibit A.

30. Belden is the sole owner of all right, title, and interest in the '896 Patent, including the right to enforce the '896 Patent and sue for past damages.

31. Belden has not licensed CommScope to practice the '896 Patent, and CommScope has no right or authority to license others to practice the '896 Patent.

### *The '491 Patent*

32. On August 10, 2023, a patent application was filed on the invention of Vincent Pilon, U.S. Patent Application Serial No. 18/232,729 (the "'729 Application"), entitled "Tray System For Providing Modular Cassette Configurations In A Fiber Optic Management System."

33. On June 17, 2025, the '729 Application resulted in the United States Patent and Trademark Office duly and legally issuing the '491 Patent. The '491 Patent is assigned to Belden, and a copy of the '491 Patent is attached hereto as Exhibit B.

34. Belden is the sole owner of all right, title, and interest in the '491 Patent, including the right to enforce the '491 Patent and sue for past damages.

35. Belden has not licensed CommScope to practice the '491 Patent, and CommScope has no right or authority to license others to practice the '491 Patent.

## COUNT I
### (*Infringement of the '896 Patent*)

36. Belden repeats and reasserts all of the foregoing allegations as if they were stated in full herein.

37. CommScope has directly infringed one or more claims, including at least Claim 112 of the '896 Patent, within the meaning of 35 U.S.C. § 271(a) and either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing the Accused Products in the United States, without license or authorization by Belden.

38. On information and belief, CommScope also has been an active inducer of infringement of the '896 Patent under 35 U.S.C. § 271(b), because CommScope aided, instructed, or otherwise acted with the intent to cause acts by its customers and/or users of the Accused Products, including in combination with products obtained from CommScope and/or other vendors, that would constitute direct infringement of the patent, including, but not limited to, instructing its customers and/or users of the Accused Products as to the intended manner of use of the Accused Products, CommScope knowing of the patent, or showing willful blindness to the existence of the patent, at the time CommScope knew, or showed willful blindness, that the actions of its customers and/or users of the Accused Products would infringe at least at least Claim 112 of the '896 Patent, and its customers and/or users of the Accused Products infringed at least Claim 112 of the '896 Patent.

39. On information and belief, CommScope also has been a contributory infringer of the '896 Patent under 35 U.S.C. § 271(b), because CommScope's customers and/or users for/of the Accused Products have directly infringed at least Claim 112 of the '896 Patent. CommScope sold, offered for sale, or imported within the United States a component of the Accused Products for use in the infringing system, the components of the Accused Products are not staple articles or commodities of commerce capable of substantial non-infringing use, the Accused Products constitute a material part of the claimed invention, CommScope knew that the components of the Accused Products were especially made or adapted for use as an infringement of one or more claims of the '896 Patent, including without limitation Claim 112, and CommScope's customers and/or users use the Accused Products in combination with products obtained from CommScope and/or other vendors to directly infringe one or more claims of the '896 Patent, including without limitation Claim 112.

40. As set forth in the claim chart attached as Exhibit C, which is incorporated herein by reference, and without limitation, the Accused Products include each of the elements of at least Claim 112 of the '896 Patent and CommScope's manufacture, importation, use, offer for sale, and/or sale of the Accused Products in the United States constitutes both direct and indirect infringement of the '896 Patent, as alleged herein.

41. CommScope's infringement has caused Belden damages in an amount to be proven at trial.

42. Upon information and belief, CommScope is a sophisticated corporate enterprise in the industry that keeps appraised of relevant patents (either alone or through the actions of its affiliated entities). Moreover, the parties have been litigating related patents, making it more likely that it has been keeping apprised of pending patent applications and newly issued patents in the

same patent family. Therefore, upon further information and belief, CommScope was aware of the '831 Application and/or the '896 Patent prior to being served with a copy of this Complaint. As a result, CommScope's unlawful infringing activity has been willful, deliberate, and intentional, entitling Belden to recover, among other things, treble damages, attorney's fees, and costs.

## COUNT II
### (*Infringement of the '491 Patent*)

43. Belden repeats and reasserts all of the foregoing allegations as if they were stated in full herein.

44. CommScope has directly infringed one or more claims, including at least Claim 79 of the '491 Patent, within the meaning of 35 U.S.C. § 271(a) and either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing the Accused Products in the United States, without license or authorization by Belden.

45. On information and belief, CommScope also has been an active inducer of infringement of the '491 Patent under 35 U.S.C. § 271(b), because CommScope aided, instructed, or otherwise acted with the intent to cause acts by its customers and/or users of the Accused Products, including in combination with products obtained from CommScope and/or other vendors, that would constitute direct infringement of the patent, including, but not limited to, instructing its customers and/or users of the Accused Products as to the intended manner of use of the Accused Products, CommScope knowing of the patent, or showing willful blindness to the existence of the patent, at that time, CommScope knew, or showed willful blindness, that the actions of its customers and/or users of the Accused Products would infringe at least at least Claim 79 of the '491 Patent, and its customers and/or users of the Accused Products infringed at least Claim 79 of the '491 Patent.

46. On information and belief, CommScope also has been a contributory infringer of the '491 Patent under 35 U.S.C. § 271(b), because CommScope's customers and/or users for/of the Accused Products have directly infringed at least Claim 79 of the '491 Patent. CommScope sold, offered for sale, or imported within the United States a component of the Accused Products for use in the infringing system, the components of the Accused Products are not a staple article or commodity of commerce capable of substantial non-infringing use, the Accused Products constitute a material part of the claimed invention, CommScope knew that the components of the Accused Products were especially made or adapted for use as an infringement of one or more claims of the '491 Patent, including without limitation Claim 79, and CommScope's customers and/or users use the Accused Products in combination with products obtained from CommScope and/or other vendors to directly infringe one or more claims of the '491 Patent, including without limitation Claim 79.

47. As set forth in the claim chart attached as Exhibit D, which is incorporated herein by reference, and without limitation, the Accused Products include each of the elements of at least Claim 79 of the '491 Patent and CommScope's manufacture, importation, use, offer for sale and/or sale of the Accused Products in the United States constitutes both direct and indirect infringement of the '491 Patent, as alleged herein.

48. CommScope's infringement has caused Belden damages in an amount to be proven at trial.

49. Upon information and belief, CommScope is a sophisticated corporate enterprise in the industry that keeps appraised of relevant patents (either alone or through the actions of its affiliated entities). Moreover, the parties have been litigating related patents, making it more likely that it has been keeping apprised of pending patent applications and newly issued patents in the

same patent family. Therefore, upon further information and belief, CommScope was aware of the '113 Application and/or the '491 Patent prior to being served with a copy of the Complaint. As a result, CommScope's unlawful infringing activity has been willful, deliberate, and intentional, entitling Belden to recover, among other things, treble damages, attorney's fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Belden prays for judgment in its favor and against CommScope as follows:

   A. Entry of judgment that CommScope has infringed one or more claims of the Patents-in-Suit;

   B. An award of compensatory damages for Belden as a result of infringement, as provided in 35 U.S.C. § 284, the extent of which will be determined at trial, but in no event less than a reasonable royalty, together with interest and costs;

   C. A determination that CommScope's acts of infringement of one or more of the Patents-in-Suit have been egregious and/or willful, and that Belden is entitled to an award of enhanced damages of up to three times the amount of actual damages pursuant to 35 U.S.C. § 284;

   D. A determination that, pursuant to 35 U.S.C. § 285, this is an exceptional case and that Belden be awarded its reasonable attorney's fees;

   E. An award of pre-judgment and post-judgment interest on any judgment rendered in this action;

   F. An award of Belden's costs in this action; and

   G. Such other and further relief as is just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b) and District of Delaware Local Rule 38.1, Belden demands a trial by jury on all issues so triable.

| | |
|---|---|
| Dated: July 14, 2025<br><br>*Of Counsel:*<br><br>BARCLAY DAMON LLP<br>Douglas J. Nash<br>John D. Cook<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202<br>(315) 425-2700<br>dnash@barclaydamon.com<br>jcook@barclaydamon.com<br><br>Naresh K. Kannan<br>Barclay Damon LLP<br>80 State Street<br>Albany, New York 12207<br>(518) 429-4200<br>nkannan@barclaydamon.com | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>*/s/ Pilar G. Kraman*<br>Pilar G. Kraman (#5199)<br>Robert M. Vrana (#5666)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>pkraman@ycst.com<br>rvrana@ycst.com<br><br>*Attorneys for Belden Canada ULC* |